**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In Re*: **T.E., J.E., & J.F.**

**No. 12-1301** (Wetzel County 11-JA-05, 06 & 07)

**FILED**

April 16, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother's appeal, by counsel Jeremiah L. Gardner, arises from the Circuit Court of Wetzel County, wherein her parental rights to the children were terminated by order entered on October 11, 2012. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, David C. White, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2010, the DHHR filed its initial abuse and neglect petition alleging that petitioner's then live-in boyfriend sexually abused the oldest child, T.E. The petition also alleged drug abuse by petitioner and her boyfriend, and a chronic failure by petitioner to provide the children with necessary shelter, clothing, and medical care. An amended petition was later filed alleging that petitioner failed to provide the children with proper dental care and immunizations. At the adjudicatory hearing, petitioner stipulated to certain allegations from the petitions, the children were found to be neglected, and petitioner was granted a post-adjudicatory improvement period. While the parties note that petitioner initially made progress in the improvement period, there were later allegations that she was continuing her relationship with the perpetrator of the abuse and that at least one of the children was residing with a relative. Petitioner later moved for an extension of her post-adjudicatory improvement period, though there was confusion among the parties as to whether the circuit court ever granted that motion. Ultimately, in September of 2012, the circuit court terminated petitioner's parental rights.

On appeal, petitioner alleges several assignments of error. First, petitioner alleges that it was error to terminate her parental rights upon a finding that she had failed her post-adjudicatory improvement period by failing to provide adequate housing and income. In support, petitioner argues that the circuit court arbitrarily and erroneously held that her income was insufficient to support the children and that she had failed to secure housing since the evidence established that petitioner could live with her mother. Further, petitioner argues that she had complied with all

1

aspects of the family case plan and had secured a home and access to income. Petitioner also alleges that it was error for the circuit court to find that it had denied granting an extension to her post-adjudicatory improvement period. According to petitioner, the circuit court initially granted her motion for an extension to her post-adjudicatory improvement period, later denied a written motion for the same, and then decided to characterize the extension as a temporary extension to the post-adjudicatory improvement period. According to petitioner, this uncertainty made compliance with her improvement period impossible.

In response, both the DHHR and the guardian ad litem support the termination of petitioner's parental rights. Both respondents note that petitioner made no change in the conditions giving rise to the petition's filing during the proceedings below. According to respondents, petitioner failed to establish stable housing, moving in with several different undesirable men for short periods and living a nomadic lifestyle. Further, respondents argue that while the circuit court's rulings as to whether or not petitioner was granted an extension to her post-adjudicatory improvement period was confusing, petitioner was actually afforded an extensive amount of time to remedy the conditions of abuse and neglect and actually reaped the benefit of an additional year of opportunity for improvement. However, respondents argue that petitioner simply failed to comply with the terms of her improvement period, and that termination of her parental rights was appropriate.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's rulings on petitioner's motions for an extension to her post-adjudicatory improvement period, or in the termination of petitioner's parental rights. First, the Court finds that the evidence was sufficient to establish that petitioner was not successful in her post-adjudicatory improvement period. As respondents note, during the course of the improvement period, petitioner moved several times to live with multiple men, even moving to Pennsylvania at one point. Further, petitioner also lived with her grandmother during this period, and there were allegations of physical abuse to the children while

in this home such that the children were removed from petitioner a second time. While petitioner alleges that the circuit court based its ruling on her alleged lack of income, it is clear that multiple other factors were relied upon in making this determination. For these reasons, it was not error to find that petitioner failed to comply with the terms of her post-adjudicatory improvement period.

Despite this evidence, however, the record does demonstrate that petitioner was granted at least a short extension to her improvement period below. While petitioner alleges that the circuit court erred in failing to grant her the full three months allowed by West Virginia Code § 49-6-12(g), the Court finds no merit in this argument. That code section states, in relevant part, that a post-adjudicatory improvement period may be extended "for a period not to exceed three months." As such, it is clear that circuit courts have discretion in the length of the extension and are not required to grant a full three-month extension.

Lastly, while petitioner alleges that termination was based upon her lack of income, the Court again finds that several factors were considered in determining disposition, including petitioner's transient lifestyle and association with inappropriate individuals. As noted above, petitioner lived with several different men during these proceedings. One of her partners voluntarily relinquished his parental rights to one of the subject children after a failed improvement period, and another was accused of sexually abusing one of the children. Further, as noted above, petitioner also resided with her grandmother, who was found to have physically abused the children. The Court finds that the circuit court was presented with sufficient evidence upon which to base its findings that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: April 16, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II